AGNES McGARRY, GENERAL ADMINISTRATRIX, ETC., APPELLANT, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT.

Submitted May 29, 1930—Decided February 2, 1931.

For the appellant, *Edward A. Markley* and *Walter J. Freund.*

For the respondent, *Edwin F. Smith.*

PER CURIAM.

This suit was brought under the Federal Employers' Liability act to recover compensation for the death of one John McGarry, who was fatally injured through being struck by a train of the defendant company while he was in its service and engaged in the performance of his duties. The trial resulted in a verdict in favor of the plaintiff. The defendant company appealed to this court from the judgment entered on that verdict, and the judgment was reversed upon the ground that, under the facts proved at the trial, it conclusively appeared that the death of the plaintiff's intestate was due to a cause the risk of which was assumed by him; that, consequently, the defendant company was under no legal obligation to make compensation to the next of kin for his death; and that the motion of the defendant company for the direction of a verdict in its favor should have been granted. The judgment of reversal having been entered, the case was remitted to the Circuit Court for retrial. In due course the retrial was moved at the Circuit, and a jury was impanelled. Thereupon counsel for the respective litigants stated to the court that they had agreed that the case should be submitted to the jury upon the evidence taken at the earlier trial. That having been done, the trial court, considering itself concluded by the judgment of reversal entered in this court and by the legal principles stated by this court as the basis of reversal, directed a verdict in favor of the defendant company upon the ground that it appeared by the uncontradicted evidence submitted that the deceased assumed the risk of the accident which caused his death. The present appeal is from the judgment entered on the directed verdict.

The single ground upon which we are asked to reverse the judgment now under review is that the trial court erred in directing a verdict in favor of the defendant railroad company instead of submitting to the jury the issues involved in the controversy. The mere statement of this proposition, as it seems to us, demonstrates its unsoundness. In essence, it is a declaration that, when a trial court disapproves of a legal principle laid down by a court of review as controlling

in the determination of a case, it may disregard that principle, refuse to be bound by it, and decide the matter before it in direct violation of the controlling principle laid down by the appellate tribunal. In our opinion, the trial court properly considered that it was bound by the decision of this court on the review of the original judgment, and committed no error in directing a verdict in favor of the defendant railroad company in accordance with that decision.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.