WEST POINT ISLAND CIVIC ASSOCIATION, *ETC.*, WILLIAM S. CAREY, JR., *ET AL.*, PLAINTIFFS-RESPONDENTS, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF DOVER, IN THE COUNTY OF OCEAN, STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued March 17, 1969—Decided June 30, 1969.

*Mr. Vincent A. Grasso* argued the cause for defendant-appellant (*Messrs. Hiering, Grasso, Gelzer & Kelaher,* attorneys; *Mr. Richard H. Woods* on the brief).

*Mr. William Miller* argued the cause for plaintiffs-respondents.

The opinion of the court was delivered by

PROCTOR, J. This action in lieu of prerogative writs seeks to compel the Township Committee of Dover Township to adopt a resolution consenting to the deannexation of West Point Island from the Township. Plaintiffs, the West Point Island Civic Association and three resident taxpayers, represent 90% of the registered voters and 74% of the landowners on the Island who have petitioned both Dover Township and the contiguous Borough of Lavallette pursuant to the procedure set forth in *N. J. S. A.* 40:43–26, in order that West Point Island may be detached from the former and annexed to the latter municipality.[1]

On December 14, 1965, the defendant Township Committee denied plaintiffs' petition for passage of a resolution consenting to deannexation, saying without further explanation that "the annexation of West Point Island by the Borough of Lavallette would not be in the best interests of

---

[1] The statute reads as follows: "Land being in one municipality may be annexed to another municipality to which said land is contiguous. To effect such annexation, a petition in writing shall be presented to the governing body of the municipality to which such annexation is sought to be made, specifically setting forth the boundaries of such land, signed by at least sixty per cent of the legal voters residing thereon. In case no voter resides thereon, such petition may be signed by the person or persons owning at least sixty per cent of said land as shown by the assessor's duplicate for the preceding year. Such petition shall be duly verified by one of the signers thereof, and shall have attached thereto the oath of an assessor of the municipality in which said land is located, or of some other person having access to such assessor's books, setting forth the assessed value of the real estate contained within such boundaries for the preceding year, and the amount of real estate

all the people of the Township of Dover."[2] In the first stage of this action, the Law Division granted the defendant Township's motion for summary judgment, holding that *N. J. S. A.* 40:43–26 confers an absolute right upon the Township governing body to refuse to consent to the deannexation. The Appellate Division reversed, holding that the right to withhold consent is not absolute, but rather such consent must not be "unreasonably or arbitrarily withheld." The action was remanded to the trial court for a factual determination of reasonableness, since the sole rationale offered by the Township was a "mere conclusion." 93 *N. J. Super.* 206, 211. This court denied the Township's petition for certification. 48 *N. J.* 576 (1967).

Following a plenary hearing on the remand, Judge Martino held that the withholding of consent had not been based on reasonable grounds. He therefore ordered the Township to "affix its consent to the plaintiff's application." 97 *N. J. Super.* 549 (*Law Div.* 1967). The Appellate Division in an unreported opinion affirmed the trial court's finding as based on sufficient credible evidence, and we granted the Township's petition for certification. 53 *N. J.* 78 (1968).

assessed to any of the persons whose names are signed to such petition. Such petition shall also have attached thereto a certified copy of a resolution of the governing body of the municipality in which said land is located, consenting to said annexation, which resolution said governing body is hereby authorized and empowered to adopt.

"The governing body of the municipality to which land is sought to be annexed may, in its discretion, by ordinance adopted by a two-thirds vote annex the land specifically described in said petition to such municipality; and in case such municipality is divided into wards, shall also in such ordinance designate the ward or wards of which said land shall become a part, but in all cases the annexed lands shall become part of the ward or wards to which it is contiguous. The boundaries of such municipality shall not be extended so as to include a portion of any county other than that in which such municipality is located."

[2] The mayor and council of the Borough of Lavallette have informed this Court of their intention to act favorably on the annexation of West Point Island, provided the decision in this litigation permits it.

Concerning the scope of our review on this appeal, the plaintiffs argue that the "law of the case" was established by our denial of certification in 48 *N. J.* 576, and thus we should be limited here to a review of the second Appellate Division conclusion that the trial court's findings were based on sufficient credible evidence. We disagree. Our denial of certification at an earlier stage of this action was not tantamount to an affirmance of the Appellate Division on the merits, nor can a denial of certification ever be interpreted in this way. Rather, it was an example of our traditional reluctance, except in extraordinary circumstances, to determine a case prior to a final judgment or the completion of a full record. We add that, in any event, a court is never irrevocably bound to abide by its prior ruling in the same case. We proceed, therefore, to a discussion of the merits of the controversy uninhibited by a predetermined "law of the case."

Dover Township occupies 44.03 square miles in Ocean County, and according to the 1960 census has a population of 17,414. Across Barnegat Bay which is east of the mainland of Dover Township lies West Point Island, one-half mile square. It is adjacent to the Borough of Lavallette, to the east of which is the Atlantic Ocean. The only means of access to the Island is a short bridge from Lavallette. Lavallette is one of numerous municipalities situated on the long bar of land which parallels the Ocean County mainland for several miles, and which is connected to the mainland by two bridges spanning the Bay. Originally Dover Township included much of this bar; its area there has already been fragmented by the carving out of Lavallette as a separate municipality in 1887. West Point Island is $7\frac{1}{2}$ miles from the business center of Dover Township by way of the nearest bridge, and one has to travel through Lavallette and the Borough of Seaside Heights, as well as the Township, to reach that center. The Island has a winter population of 84 residents, which is increased by over 2,000 during the summer months. There are about 235 homes on the Island, and

according to the 1965 tax valuations West Point Island constitutes 1.737% of Dover Township's total tax base.

The powers of a New Jersey municipality are wholly derivative from state statute. *Wagner v. Mayor and Municipal Council of City of Newark,* 24 *N. J.* 467, 474 (1957) The primary question in this case is the proper interpretation of the delegated statutory procedure under *N. J. S. A.* 40:43-26 which controls the deannexation of land in one municipality and its annexation to another. The statute (which is set forth in full in footnote 1) provides that land in one municipality of a county may be annexed to a contiguous municipality in the same county, provided that at least 60% of the legal voters in the deannexing area so express their wishes in a petition to be presented to the governing body of the annexing municipality. The petition, before it is presented to the annexing municipality, must be accompanied by "a resolution of the governing body of the municipality in which said land is located, consenting to said annexation, which resolution said governing body is hereby authorized and empowered to adopt. * * * The governing body of the municipality to which the land is sought to be annexed may, in its discretion, by ordinance adopted by a two-thirds vote, annex the land * * *."

Plaintiffs argue that the above quoted statutory language indicates a legislative intent to distinguish between the degree of discretionary power delegated to the deannexing and annexing municipalities. They point out that the municipality to which annexation is sought (Lavallette) may act *in its discretion* by ordinance, whereas the municipality in which the land is located (Dover Township) acts by resolution, with no specific grant of discretion. Plaintiffs therefore contend that the consent of Dover Township is a purely ministerial act which the Township Committee has no right to refuse once the petition is found to be in order. We cannot agree, for several reasons. First, as Judge Kilkenny said in the first Appellate Division opinion, the language of the statute, and in particular the word "consent," implies "a

voluntary act, not statutory compulsion." 93 *N. J. Super.,* at 210. Second, it is hardly likely that the Legislature intended that a purely ministerial act should be performed by the governing body rather than an official of the municipality, *e. g.,* the town clerk or engineer. Third, and most important, interpreting the granting of consent as a purely ministerial act would deprive the municipality's governing body of the ability to protect the municipality against the injury to its social and economic well-being which might result from unchecked detachment. We therefore agree with the conclusion of the Appellate Division that the municipality in which the land is located is invested with the discretion to withhold its consent to the deannexation.

Defendant contends that once Dover Township's discretionary right to withhold consent is recognized, that right is purely legislative and political in nature, and is therefore judicially unreviewable unless there is a showing of "fraudulent abuse of discretion." Since there is no allegation or evidence of fraud in this case, agreement with defendant's contention would preclude the broader standard of judicial review which the Appellate Division set forth in holding that consent could not be unreasonably or arbitrarily denied. However, we cannot accept the defendant's argument. The discretionary activity of municipal governing bodies in this state has traditionally been subjected to close judicial scrutiny in order to prevent arbitrary and unreasonable action. *Grogan v. DeSapio,* 11 *N. J.* 308, 320–22 (1953) (and cases cited therein). See generally Note, "City Government in the State Courts", 78 *Harv. L. Rev.* 1596 (1965).

There are several reasons for upholding a broad judicial review of municipal decision-making. First, there can be no usurpation by the courts of a legislative function, as defendant claims, when every municipal power is the product of a statutory grant. It is the traditional duty of the judicial branch of government, in interpreting statutes, to ascertain the scope of delegated discretion. See L. Jaffe, *Judicial Control of Administrative Action,* 181 (1965).

Second, where the grant of discretion is general in its terms, as here, judicial review is especially warranted in order to assure that legally irrelevant or forbidden considerations have not determined the decision. *Grogan, supra; Donohue v. Campbell,* 98 *N. J. L.* 755, 763 (*E. & A.* 1923); *The DeMott Homes at Salem, Inc. v. Margate City,* 136 *N. J. L.* 330, 333–35 (*Sup. Ct.* 1947). Third, judicial review of decisions of local governing bodies is called for when, as here, such decisions will affect the state-wide legislative scheme for deannexation of land from one municipality and annexation to another. See Note, *supra,* 78 *Harv. L. Rev.,* at 1604. Otherwise, the municipality in which the land is located by mere whim could thwart the purpose of the annexation statute. In sum, in a case such as the present one our courts have the power, and the duty, to determine whether a challenged municipal action, albeit the product of an exercise of discretion, is reasonable under the circumstances. See 5 *McQuillin, Municipal Corporations,* §§ 18.01 *et seq.* (*3d ed.* 1949). Nor can the Township avail itself of the argument that ordinarily an action in lieu of the prerogative writ of *mandamus* will not lie in order to force a legislative body to exercise its law-making function. This is another form of the same argument discussed above with regard to judicial review. Since an abuse of delegated discretion would undermine the statutory deannexation scheme, a court must have the power to review these kinds of municipal decisions, and correct abuses by an action in lieu of the prerogative writs. See *Reid Development Corp. v. Parsippany-Troy Hills Tp.,* 10 *N. J.* 229, 234, 237–38 (1952).

 The remaining point to be determined is whether the trial court, and the Appellate Division in affirming the trial court, were correct in determining that the governing body of Dover Township unreasonably withheld consent to the deannexation of West Point Island. Our examination of the record convinces us that the facts and arguments offered by the defendant Township in order to buttress its conclusion that the deannexation would "not be in the best interests

of all the people of the Township of Dover" are insufficient to a reasonable withholding of consent. The Township argues that since West Point Island has received its fair share of adequate municipal services from Dover Township, sufficient reason exists for withholding its consent. Assuming that there is no basis for complaint concerning municipal services furnished to the residents of West Point Island, nevertheless this fact is not relevant to a decision to permit or deny deannexation. As we interpret *N. J. S. A.* 40:43–26, once 60% of the voters of a territory seeking to deannex from one municipality and annex to a contiguous municipality in the same county petition the governing body of the annexing municipality, then the municipality in which the land is located, if it is to object to the deannexation, must come forward with reasons why such deannexation would be injurious to the social and economic well-being of the municipality. The mere providing of adequate municipal services in the past does not earn the right to withhold consent to deannexation.

The Township next argues that by consenting to the deannexation of West Point Island, they would be setting a precedent for the possible secession of other areas from the municipality. This argument ignores the fact that each case must be determined on its own merits. Were the mere possibility of some unspecified future secession to determine the present litigation, the statutory annexation procedure would be stymied to the same extent as would the unfettered veto power which we have already rejected. As we read the statute, the express wishes of a substantial majority of the voters in the deannexing territory can be defeated only upon proof of specific injury to the municipality in which the land is located.

As to proof of injury, Dover Township has not come forward with the slightest justification, other than that of sentimental resistance, for the withholding of consent. While it is true that the deannexation of West Point Island would reduce the ratables of Dover Township by 1.737%, the trial

court found, and we agree, that this loss would be offset by an equivalent reduction in cost of municipal services to the Township. In his deposition the mayor said that the loss and gain calculation is "probably about equal." Nor was there any showing that by reducing the area of Dover Township by the small amount represented by West Point Island, any economic benefit or efficient allocation of services which accrued to the Township because of its larger size would thereby be lost.

With regard to the inconvenience of adjusting municipal services from Dover Township to Lavallette, the representative of the Dover Township Sewerage Authority testified that, since his agency is an independent corporate body, the provision of sewage disposal service to West Point Island would be totally unaffected by the deannexation proceedings. Fire protection is already supplied to West Point Island by Lavallette, paid for by Dover Township. Water is supplied by Lavallette as well. The Post Office which serves the Island is located in Lavallette. Police protection and elementary schooling are presently provided by Dover Township, a burden which Lavallette could assume easily. Elementary school children would be able to walk to school in Lavallette, instead of going by bus to the mainland, as they do now. (Secondary school children from West Point Island would still have to travel to a high school on the mainland.) With regard to future planning, from our reading of the record we share Judge Martino's conclusion that: "[T]here was a failure of evidence as to any educational or recreational planning or facilities which were particularly related to West Point Island. Nor could the inference be drawn from the testimony that the separation of West Point Island from Dover Township would interfere with the township's plans for the redevelopment of recreational facilities."

Finally, we do not believe that the deannexation of West Point Island would alter in any appreciable way the character of Dover Township as a community. West Point Island is on the other side of Barnegat Bay, isolated from

the schools as well as the governmental, business and shopping areas of Dover Township. The residents of West Point Island naturally look to the contiguous Borough of Lavallette as the focus of community interest and activity. The record shows that the West Point Islanders use Lavallette recreation facilities, and the Lavallette Borough Hall for community meetings. Since Dover Township is not being economically or socially injured by the deannexation, and the geography is so pointedly in favor of allowing it, on the facts of this case there is no reason to deny the overwhelming majority of voters and taxpayers on West Point Island the opportunity of joining the Borough of Lavallette. We therefore agree with the judgment of the Appellate Division which upheld Judge Martino's determination that the withholding of consent to the deannexation was not based on reasonable grounds, and which affirmed his order that the Township signify its consent to plaintiffs' application.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN. — 7.

*For reversal* — None.