JONES, Judge.
Plaintiff appeals from a judgment denying his request for an order compelling the City of Monroe to change the zoning classification of certain property owned by him from B-3 (general business) to R-l (single family residence). We affirm.
Plaintiff is the owner of a 4.33 acre tract of land within the city limits comprising a city block. The land is located within a 20-25 acre tract zoned B-3 and has been so zoned for over 15 years. During this period no business opened on any part of the 20-25 acre tract.
In November, 1975, plaintiff filed an application for a zoning amendment with the Monroe-Ouachita Regional Planning Commission to have the zoning classification changed from B-3 to R-l. After study the Commission approved the proposal and submitted it to the Monroe City Council, which refused to approve the zoning change. Plaintiff brought this suit to compel the change.
The trial court found the evidence established a B-3 zoning classification for the tract was no longer appropriate. However, it also found there were cogent reasons against rezoning only plaintiff’s portion of this large tract into a single family residential classification, and the council’s action in refusing to rezone only this part was not so clearly arbitrary and capricious as to be unreasonable.
To prevail in an action to compel rezoning, landowners must prove the zoning authority’s action was arbitrary and capricious. Paternostro v. Parish of Jefferson, 289 So.2d 327 (La.App., 4th Cir. 1973). This burden applies to the zoning authority’s action in allowing the land to remain under one classification and in refusing to make the specific demanded change. Paternostro; supra.
George Parsons, Monroe City Planner, an eminently qualified expert in the field of zoning, testified the council was correct in refusing the change requested because single family dwellings should not be permitted in an area adjacent to land zoned B-3 (general business) because numerous business uses permitted in this classification are incompatible to single family dwellings (the example most frequently used during trial was an establishment selling alcoholic beverages for consumption on the premises). Vernon Mears, another well-qualified zoning expert familiar with plaintiff’s property and surrounding area, for the same reasons given by Parsons concurred with the decision of the City Council. These experts pointed out there should be a buffer between R-l and B-3 zones. The buffer may be an in-between zone which is less incompatible with B-3 zoning (example being R-2 multiple family development) and more compatible with R-l.
The rationale of Parsons and Mears was among reasons given by council members Harper and Prestridge for refusing to approve the zoning change requested.
Plaintiff failed to prove the City Council denied his request to rezone his property R-l because of opposition from people living in the area. The evidence established a reasonable basis for the Council’s refusal to rezone plaintiff’s city block R-l because such action would result in a single family residential development abutting on three sides an area available for development as general business.
We agree with the decision of the trial court that while plaintiff proved his *1008 property is not appropriately zoned B-3, he did not prove the Council acted arbitrarily and capriciously in refusing to change the classification of this small portion of a larger tract to R-l, or that no classification other than R-l is reasonable or appropriate for the tract. This determination is buttressed by the wide discretion permitted a legislative body such as the Monroe City Council in the performance of its duties, Hunter v. City of Shreveport, 216 So.2d 140 (La.App., 2d Cir. 1968), and the wide discretion we must give to the trial court’s evaluation of testimony and findings of fact. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the foregoing reasons, the judgment of the lower court is affirmed, appellant to pay all costs of this appeal.