393 So.2d 818 (1981)
KEL-KAN INVESTMENT CORPORATION et al., Plaintiffs-Appellants,
v.
VILLAGE OF GREENWOOD et al., Defendants-Appellees.
No. 14394.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
*819 Kennedy, Goodman & Donovan by Frank S. Kennedy and Rellis P. Godfrey, Shreveport, for plaintiffs-appellants.
James E. Bookter, Bossier City, for defendants-appellees.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
After the governing body of the Village of Greenwood refused to deannex their properties, plaintiffs filed suit on March 23, 1976 to have this municipal action decreed arbitrary and unreasonable and for judgment deannexing their properties from the municipal limits.
Defendants filed an exception of prescription under La.R.S. 33:174[1], alleging *820 that plaintiffs were actually attacking the reasonableness of an annexation ordinance passed in 1972 and that the 30 day period allowed for their action had elapsed.
Plaintiffs appeal a judgment sustaining the exception of prescription. We reverse and remand.
Although no reasons were given by the trial judge for his ruling, we assume that he agreed with the assertion that plaintiffs were attacking the 1972 annexation ordinance. We disagree. Although plaintiffs' properties were annexed under the 1972 ordinance and they allege that this ordinance has proven to be unnecessary and unreasonable, construed in its entirety their suit is directed, not at the 1972 ordinance, but at the asserted arbitrariness of the municipal governing body in refusing to deannex their properties. Since the 30 day prescriptive period provided for by La.R.S. 33:174 is inapplicable, we hold that the plea of prescription was erroneously sustained.
However, examination of the record raises another questionwhether plaintiffs' petition states a cause of action. Although this objection was not urged by the defendants in either the trial court or on appeal, we are authorized by La.C.C.P. Art. 927 to take notice of this possible failure on our own motion. In the interest of judicial economy we now address that issue.
Prior to 1972 the land area comprising the Village of Greenwood consisted of about 350 acres. In 1972 the Village annexed some 2250 acres, including approximately 57 acres owned, in the aggregate, by plaintiffs. No one contested the reasonableness of the 1972 ordinance within the 30 day period provided for by law.
La.R.S. 33:171 provides:
"The limits and boundaries of incorporated municipalities shall remain as established on July 31, 1946, but may be enlarged or contracted by ordinance of the governing body as hereinafter provided, the City of New Orleans excepted." (Emphasis added)
Subsequent provisions detail the procedures to be followed as a prerequisite to the adoption of a valid ordinance enlarging the boundaries of a municipality. Then, Section 176 stipulates:
"To contract the boundaries of a municipality the same procedure shall be followed as outlined above and the same notice must be published and the same right of appeal to the courts is granted as provided for in the case of the enlargement of the boundaries."
The power to extend or contract municipal corporate limits is a legislative power. Incident to its power to create or abolish municipalities, a state legislature may enact statutes setting forth procedures for enlarging or contracting municipal limits. Kansas City So. Ry. Co. v. City of Shreveport, 354 So.2d 1362 (La.1978).
The decision whether to enact an ordinance enlarging or contracting municipal corporate limits is within the discretion of the municipal governing body. Barbe v. City of Lake Charles, 216 La. 871, 45 So.2d 62 (1949).
However, it is also a well-established rule of law that legislative and administrative decisions of municipal bodies are subject to judicial review to determine whether those actions are arbitrary, unreasonable or capricious. Southern Pac. Transp. Co. v. La. Public Service Com., 290 So.2d 816 (La. 1974); Henry v. City of Monroe, 349 So.2d 1006 (La.App. 2d Cir. 1977); Hunter v. City of Shreveport, 216 So.2d 140 (La.App. 2d Cir. 1968).
The following pertinent comment is found in 56 Am.Jur.2d, Municipal Corporations, Sec. 84, p. 139:

*821 "Whether a proposed contraction of a municipality is a wise step, and whether it supports the best, long-term interests of the municipality, are not judicial questions, but issues for the governing authorities of that municipality. But while the contraction of the boundaries of a municipality is essentially a legislative function, it is subject to judicial review on the question whether there is any reasonable basis for the contraction, and whether the evidence reflects public convenience and necessity."
In this case we are dealing, not with an attack upon the reasonableness of an ordinance contracting municipal limits, but with the alleged arbitrariness of the municipal governing body in refusing to contract those limits. Although we find no Louisiana appellate court decision dealing with this precise question, it has been considered by the Supreme Court of New Jersey in West Point Island Civic Assoc. v. Township Committee, 54 N.J. 339, 255 A.2d 237 (1969). There, suit was filed to compel a local governing body to consent to the deannexation of plaintiffs' properties. The court noted, first, that the powers of a New Jersey municipality were wholly derivative from state statute. It was pointed out, next, that under the relevant statute municipalities were vested with the discretion to withhold their consent to deannexation. However, the court concluded that this discretionary activity was subject to judicial scrutiny to prevent arbitrary and unreasonable action for the following reasons:
"First, there can be no usurpation by the courts of a legislative function, as defendant claims, when every municipal power is the product of a statutory grant. It is the traditional duty of the judicial branch of government, in interpreting statutes, to ascertain the scope of delegated discretion... Second, where the grant of discretion is general in its terms, as here, judicial review is especially warranted in order to assure that legally irrelevant or forbidden considerations have not determined the decision."
The holding of West Point Island was followed in the later New Jersey Supreme Court case of Ryan v. Mayor & Council of Borough of Demarest, 64 N.J. 593, 319 A.2d 442 (1974).
We believe that the rationale of West Point Island applies in this case also. The Louisiana legislature has by statutory authority delegated to municipalities discretionary power to enlarge or contract their corporate limits. Judicial review of the manner in which this discretion is exercised is required when it is alleged by a property owner seeking deannexation that the governing body has acted arbitrarily or capriciously. The purpose of that review is to determine whether the governing body's decision was the product of legally irrelevant or forbidden considerations.
Plaintiffs in this case have alleged that the refusal of the governing body of Greenwood to deannex their properties was arbitrary and unreasonable. Consequently, they have stated a cause of action and must have their "day in court" with the opportunity to discharge their burden of proving these allegations.
The judgment of the trial court sustaining defendants' plea of prescription is reversed and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellees.
NOTES
[1] "Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits and the question shall be whether the proposed extension is reasonable. If the extension of boundaries is adjudged reasonable the ordinance shall go into effect ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law. If the proposed extension is adjudged unreasonable the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter. A similar right of appeal from the judgment of the district court annulling the ordinance shall be granted the municipality or any interested citizen as hereinabove provided."