177 N.J. Super. 404 (1981)
426 A.2d 1056
J. VICTOR CARTON: JAMES D. CARTON, JR.: J. GERARD CARTON: ROBERT V. CARTON: THOMAS F. KIELY: WILLIAM R. KIELY, JR.; JOHN F. KIELY, JR.; J. VICTOR CARTON, ROBERT V. CARTON AND F. EUGENE CALAFATO, TRUSTEES OF THE LAST WILL AND TESTAMENT OF JOHN F. KIELY, DECEASED, PLAINTIFF-APPELLANTS,
v.
THE MAYOR AND COUNCIL OF THE BOROUGH OF TINTON FALLS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1981.
Decided February 19, 1981.
*406 Before Judges MICHELS, KOLE and ARD.
Robert V. Carton argued the cause for appellants (Carton, Nary, Witt & Arvanitis, attorneys).
Arnold B. Levin argued the cause for respondents.
The opinion of the court was delivered by ARD, J.A.D.
Pursuant to N.J.S.A. 40:43-26 appellants petitioned the mayor and council of the Borough of Tinton Falls to adopt a resolution consenting to the deannexation of a tract of land from the borough. The appellants constitute 100% of the ownership of said lands. Their ultimate goal is to petition the mayor and township committee of the Township of Neptune to annex said lands; however, before doing so, they must obtain the consent of the municipality where the property is located.
At the public meeting on August 21, 1979 the petition was presented to the mayor and council of the Borough of Tinton Falls. One of the petitioners was asked to detail the reasons for which the deannexation was sought. He declined to respond, relying on N.J.S.A. 40:43-26, and further asserted that reciting reasons would be meaningless in light of prior advice of the mayor given to his partner that the request would not be granted. The municipality then adopted a resolution denying the petition because "no reasons whatsoever have been supplied by the petitioners to support their petition seeking consent to deannexation."
Appellants then filed a complaint in lieu of prerogative writs seeking rescission of the aforesaid resolution and requesting adoption of a resolution consenting to the deannexation. In its answer respondents claimed the petition was defective and "unsupported by any basis for relief." The answer also asserted *407 that the granting of petitioners' request would "cause a great hardship to the Borough of Tinton Falls, including its Zone Plan, Tax Base and present and future development of the municipality." The borough then moved for summary judgment, and appellants filed a cross-motion for summary judgment. The borough's motion was accompanied by an affidavit of the borough clerk which confirmed the allegation that "[a]t the meeting, Mr. Carton was asked to detail the reasons the Petitioners sought to be deannexed from the Borough of Tinton Falls and annexed to the Township of Neptune, but Mr. Carton declined to state any reasons." After argument on the motions, the trial judged granted the municipality's motion to dismiss the complaint and denied appellants' motion for the relief sought in the complaint. In doing so the trial judge stated:
So, I am ruling that I will read into the statute that when you make a petition to the Borough of Tinton Falls you have to give initial reasons indicating why the property should be allowed to be moved into the township of Neptune....
The underlying issue involved in this appeal is whether appellants are required to advance reasons to the municipality when requesting consent to deannexation. Obviously, in the ordinary situation, it would be in the best interest of the petitioner to set forth cogent reasons for the request. Logic dictates that this would enhance the petitioner's chances of success. On the other hand, one would be hard-pressed to conjure reasons that would appeal to the municipality and that would not be in the self-interest of the petitioner. In the usual case, the reasons would not be relevant to the considerations facing the municipality's determination.
N.J.S.A. 40:43-26[1] provides:
Land being in one municipality may be annexed to another municipality to which said land is contiguous. To effect such annexation, a petition in writing shall be presented to the governing body of the municipality to which such annexation is sought to be made, specifically setting forth the boundaries of such *408 land, signed by at least sixty per cent of the legal voters residing thereon. In case no voter resides thereon, such petition may be signed by the person or persons owning at least sixty per cent of said land as shown by the assessor's duplicate for the preceding year. Such petition shall be duly verified by one of the signers thereof, and shall have attached thereto the oath of an assessor of the municipality in which said land is located, or of some other person having access to such assessor's books, setting forth the assessed value of the real estate contained within such boundaries for the preceding year, and the amount of real estate assessed to any of the persons whose names are signed to such petition. Such petition shall also have attached thereto a certified copy of a resolution of the governing body of the municipality in which said land is located, consenting to said annexation, which resolution said governing body is hereby authorized and empowered to adopt.

The governing body of the municipality to which land is sought to be annexed may, in its discretion, by ordinance adopted by a two-thirds vote annex the land specifically described in said petition to such municipality; and in case such municipality is divided into wards, shall also in such ordinance designate the ward or wards of which said land shall become a part, but in all cases the annexed lands shall become part of the ward or wards to which it is contiguous. The boundaries of such municipality shall not be extended so as to include a portion of any county other than that in which such municipality is located. [Emphasis supplied]
The statute does not provide any express requirement, procedural or otherwise, to secure the consent of the governing body of the municipality in which the land is located. However, we are satisfied that the case law supports appellants' contention and for that reason we reverse and remand the matter to the trial court.
West Point Island Civic Ass'n v. Dover Tp., 54 N.J. 339 (1969), holds that although the decision to consent to deannexation is within the discretion of a municipality, said decision must be based upon reasonable grounds. The court interpreted N.J.S.A. 40:43-26 as placing the burden of coming forward with reasons demonstrating the unreasonableness of deannexation on the municipality.
... As we interpret N.J.S.A. 40:43-26, once 60% of the voters of a territory seeking to deannex from one municipality and annex to a contiguous municipality in the same county petition the governing body of the annexing municipality, then the municipality in which the land is located, if it is to object to the deannexation, must come forward with reasons why such deannexation would be injurious to the social and economic well-being of the municipality. The mere providing of adequate municipal services in the past does not earn the right to withhold consent to deannexation. [Id. at 348].
*409 In West Point Island more than 60% of the voters of the area seeking deannexation were involved. Where no voters are involved, the statute requires at least 60% ownership by the petitioners. Here appellants represent 100% ownership. It is clear from West Point Island that once the statute is satisfied with respect to the requisite number of voters or the requisite percentage of ownership and a request for consent is filed with the governing body, then it is the obligation of the municipality, if it objects, to come forward with reasons why it refuses to grant consent. Thus, if the municipality in which the land is located objects to deannexation, it bears the burden of coming forward with proof of specific injury. The reasoning in West Point Island indicates that the court has taken a practical approach to the problem and recognizes that no municipality, under ordinary circumstances, wants to permit deannexation of taxable land and therefore places the initial burden on the municipality to prevent automatic denial. We are satisfied that petitioners' reasons are not a condition precedent to municipal consideration. Once it is ascertained that the request is being made by the minimum percentage of voters or property owners required by the statute, it is the obligation of the municipality to demonstrate that the deannexation would be "... injurious to the social and economic well-being of the municipality." West Point Island Civic Ass'n v. Dover Tp., supra at 348.
In a later case, dealing with the same subject matter, Ryan v. Demarest, 64 N.J. 593 (1974), Justice Clifford outlined some basic principles involving deannexation cases to assist municipal attorneys, governing bodies and the courts. In outlining the procedures, he does not concern himself with the initial request made to the municipal officials. He assumes denial and extrapolates with respect to the subsequent trial of the issue. This procedural outline in Ryan highlights the improvident granting of summary judgment in this case.
... [W]hen the case reaches the trial stage, it is sufficient in the first instance for plaintiffs simply to introduce into evidence the petition by which they seek deannexation, together with evidence of the municipality's denial of consent. *410 While we have held that plaintiffs have the burden of proving the arbitrary and unreasonable quality of the governing body's action, we are sensitive to the problem they face in proving what is essentially a negative, i.e., that deannexation will not result in social or economic harm. Therefore, the trial court here was correct in denying Demarest's motion for judgment at the end of plaintiffs' case, their proof of a petition and withholding of consent being sufficient to shift to the municipality the burden of coming forward with evidence to which it clearly had a superior means of access. [at 604-605].
Since petitioners' reasons are not required at the trial stage, we do not perceive any basis to read into N.J.S.A. 40:43-26 a requirement that the voters or property owners give reasons to the municipal officials in requesting consent to deannexation. We assume that their reasons are not to promote the common good of the Borough of Tinton Falls. We further assume the request is made in the self-interest of petitioners. Once the request is made, it is up to the municipality, if it objects, to come forward with reasons why it refuses to grant consent.
In the instant case the trial judge found appellants' request or petition[2] "was adequate." It was then the burden of the municipality to adduce proof of injury. Therefore, the matter was not ripe for summary judgment. In evaluating such a motion we are guided by the standards set forth in United Advertising Corp. v. Metuchen, 35 N.J. 193 (1961), and Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). The municipality had the obligation of coming forward with evidence demonstrating economic or social detriment. It failed to satisfy this requirement in the resolution before the trial judge. We deem the municipal resolution deficient.[3] The proper content of *411 such a resolution is found in Ryan, supra at 604: It would be more appropriate if the recitations in such a resolution were confined to those facts supportive of the governing body's conclusion that social or economic detriment will result from deannexation."
Under the circumstances of this case, we deem it appropriate that the trial judge remand the request and resolution to the municipality, retaining jurisdiction, in order that the municipality might consider the request in the context of its social and economic well-being. If it conceives it will not be injured, consent should be granted. In such an event the matter would be moot. On the other hand, if it objects to the deannexation, it must incorporate reasons in its resolution consistent with the mandate in Ryan, supra. The matter can then be returned to the trial court and tried in accordance with the procedure outlined in Ryan.
We agree with the trial judge's denial of appellants' cross-motion for summary judgment for precisely the same procedural reasons. The municipality must be given an opportunity to demonstrate its reasons for denying the application. Again, these are factual issues which cannot be resolved summarily.
Lastly, we find no merit to respondents' contention that appellants' petition for deannexation was defective. As indicated, N.J.S.A. 40:43-26 is silent as to the formal content of a request for consent to deannexation. It is undisputed that the appellants represent 100% of the ownership of the land in question and are qualified to make the request. N.J.S.A. 40:43-26. Moreover, the land was fully described. The trial judge was correct in determining the petition "adequate."
To summarize, we are satisfied the cases of West Point Island Civic Ass'n v. Dover Tp. and Ryan v. Demarest, both *412 supra, clearly place the burden of going forward with proof of social or economic injury on the municipality once a request for a deannexation resolution pursuant to N.J.S.A. 40:43-26 has been made. The trial judge improperly dismissed appellants' complaint on the basis that the petitioners bear the initial burden of producing reasons for deannexation in their petition. However, we agree with the ruling on appellants' cross-motion for summary judgment. The appellants bear the ultimate burden of demonstrating the unreasonableness of a denial of consent to deannexation. The dismissal of appellants' motion for summary judgment was proper.
That portion of the trial judge's order denying appellants' motion for summary judgment is affirmed and that portion of the order dismissing appellants' complaint is reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] At the outset we note that N.J.S.A. 40:43-26 has been repealed by L. 1979, c. 181, § 2, on August 29, 1979 and replaced by N.J.S.A. 40A:7-12, 13 with minor changes not significant to this appeal.
[2] N.J.S.A. 40:43-26 does not require a formal "petition" be made to the municipality in which the land is located. A request for consent is inferred by the requirement in the statute that a resolution of consent must accompany the petition to the governing body of the municipality to which annexation is sought.
[3] The pertinent portion of the resolution is as follows: "WHEREAS, at the meeting of August 21, 1979, the Mayor and Council queried James D. Carton, Jr. as to the reasons the Petitioners sought to be deannexed from the Borough of Tinton Falls, but James D. Carton, Jr., Esq., advised that he did not intend to present any reasons for seeking deannexation; and WHEREAS, no reasons whatsoever have been supplied by the Petitioners to support their Petition seeking consent to deannexation; ...."