T & M HOMES, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v. THE TOWNSHIP OF PEMBERTON, THE ZONING BOARD
OF ADJUSTMENT FOR THE TOWNSHIP OF PEMBERTON,
DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided June 21, 1983.

*Frederick W. Hardt* for plaintiff (*Sever & Hardt,* attorneys). *Bennett Bozarth* for defendants.

HAINES, A.J.S.C.

T & M Homes sues the Township of Pemberton and its Zoning Board of Adjustment for compensatory and punitive damages claimed to result from the denial of a variance application. The suit is based upon the Civil Rights Act of 1871, 42 *U.S.C.* § 1983, constitutional violations being alleged. The Township moves for a partial summary judgment dismissing the claim for punitive damages. I reach the conclusion that the motion should be granted.

Under *Newport v. Fact Concerts, Inc.,* 453 *U.S.* 247, 101 *S.Ct.* 2748, 69 *L.Ed.2d* 616 (1981), the court held that "[b]ecause absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, ... a municipality is immune from punitive damages under 42 *U.S.C.* § 1983". [at 271, 101 *S.Ct.* at 2762] The policy reasons set forth by the Court were:

(1) Punitive damages are a form of retribution the ill effects of which should be visited upon the wrong-doer, not the taxpayers; (2) the purpose of retribution is not served by permitting punitive damage awards against a municipality which cannot formulate the necessary intent to take the actions upon which damages are based; (3) deterrence, an important purpose of punitive damages, is not furthered by an award against a municipality; and, (4) the salutary effect occasioned by the imposition of such damages is far outweighed by their effect upon municipal resources. [at 266–271, 101 *S.Ct.* 2759–2762]

*Fact Concerts* did not decide whether a municipality could waive its immunity from punitive damages. The Township of Pemberton has agreed to hold harmless all of the individual members of its appointed boards from compensatory and punitive damage claims based upon constitutional violations. Plain-

tiff argues that this agreement, effectively shifting ultimate liability to the municipality, constitutes a permissible waiver of immunity with respect to the present punitive damage claims.

The question is one of power. Do municipalities have the power to waive immunity from punitive damage claims? In my opinion, they do not. New Jersey municipalities have only such powers as are delegated to them by statute. *West Point Island v. Dover Twp.*, 54 *N.J.* 339, 346 (1969). No statutory authority authorizes a municipality to waive its immunity from punitive damage claims. *N.J.S.A.* 59:10–4, part of our Tort Claims Act, is the only indemnification statute in point. It authorizes indemnification of "local public employees consistent with the provisions of this act." The Act, *N.J.S.A.* 59:10–1 expressly prohibits payment of punitive damages. Public policy is opposed to such waiver. The reasons are given in *Fact Concerts*. In addition, New Jersey does not permit a tortfeasor to shift the burden of punitive damages to an insurer. *Variety Farms v. N.J. Mfrs. Ins. Co.*, 172 *N.J.Super.* 10, 24–25 (App.Div. 1980). An indemnifying municipality is no different than an insurer in present circumstances.

Pemberton's indemnification ordinance, insofar as it refers to punitive damages, is unauthorized and therefore invalid.