MARIAN MAXFIELD, PETITIONER-APPELLANT, v. BOARD OF
EDUCATION OF THE TOWNSHIP OF
RIDGEWOOD, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 5, 1986—Decided June 5, 1986.

Before Judges FURMAN, COHEN and SKILLMAN.

*Louis P. Bucceri,* argued the cause for appellant (*Bucceri & Pincus,* attorneys; *Gregory T. Syrek,* on the brief).

*Louis C. Rosen,* argued the cause for respondent (*Aron, Salsberg & Rosen,* attorneys; *Louis C. Rosen* and *Richard H. Bauch,* on the brief).

*David Earle Powers,* Deputy Attorney General, argued the cause for the State Board of Education (*W. Cary Edwards,* Attorney General, attorney; *Deborah T. Poritz,* Deputy Attorney General, of counsel).

PER CURIAM.

We held in *Maxfield v. Board of Education of the Township of Ridgewood,* Docket No. A–2946–81T3, an unreported decision dated April 20, 1983, that petitioner Maxfield was tenure-eligible at the time of respondent board of education's decision not to rehire her for the 1976–1977 school year.

In its brief before us, the State Board of Education concedes that petitioner "would have achieved tenure prior to her dismissal" if our substantive holding in *Spiewak v. Rutherford Bd. of Ed.,* 180 *N.J.Super.* 312 (App.Div.1981), aff'd 90 *N.J.* 63 (1982), is applied to her case. Nevertheless, petitioner's ten year quest for the tenure status she is entitled to under *N.J.S.A.* 18A:1–1 and 18A:28–5 was again thwarted by the State Board in September 1985, in reliance upon *Rutherford Educ. Ass'n v. Bd. of Educ.,* 99 *N.J.* 8 (1985), decided April 11, 1985.

Our remand to the State Board on petitioner's first appeal was on April 20, 1983. The purpose of the remand was to determine when, not if, petitioner had achieved tenure status and her entitlement, if any, to retroactive benefits and emolu-

ments. The Supreme Court denied certification of our decision at 94 *N.J.* 591 (1983), decided July 13, 1983.

Thereafter, the State Board held no hearing, reached no fact findings and rendered no decision until after the Supreme Court decision in *Rutherford,* which declared that teachers not employed at the time of its decision in *Spiewak* were not entitled retroactively to tenure. In opposing the present appeal by petitioner, respondent board of education relies solely on the *Rutherford* declaration of limited retroactivity.

At the time of our remand on petitioner's first appeal, the appeals· consolidated in *Rutherford* were pending before the Appellate Division. The factual backgrounds of several were distinguishable from petitioner's.

Several of the *Rutherford* teachers had served in federally-funded Title I teaching positions, not, as petitioner here, in state-funded supplemental and special services teaching positions. Several of them had been barred from tenure by the State Board on administrative appeals subsequent to the Supreme Court decision in *Spiewak,* not, as petitioner here was, prior to the Supreme Court decision in *Spiewak.*

As the State Board acknowledged on petitioner's first appeal, during the one year period between our decision and the Supreme Court's in *Spiewak* its "ordinary remedy" was to grant tenure status to and order reinstatement of supplemental and special services teacher but not to federally-funded Title I teachers, who had been held tenure-ineligible in *Point Pleasant Beach Teachers' Ass'n v. Callam,* 173 *N.J.Super.* 11 (App.Div. 1980), certif. den. 84 *N.J.* 469 (1980). On the first appeal before us the State Board confessed error in not applying our *Spiewak* decision to petitioner, whose administrative appeal was decided contrary to its "ordinary remedy," during that one year interval.

Notwithstanding our unequivocal holding and remand on petitioner's first appeal, the State Board chose to wait, apparently for the decision of our division, possibly that of another

panel, on the unrelated *Rutherford* appeals, and, after that decision and the Supreme Court's grant of certification on May 6, 1984, to wait still further for the Supreme Court result in *Rutherford.* In June 1984, 14 months after our remand, the State Board Legal Committee notified counsel that it was staying consideration of petitioner's case pending the outcome of *Rutherford.*

■ The State Board lacked authority to delay as it did its implementing decision on our remand. Our decision was the law of the case. The State Board was obligated as a lower tribunal to carry out our mandate within a reasonable period of time. As the Supreme Court set forth in *Flanigan v. McFeely,* 20 *N.J.* 414, 420–421 (1956):

> The principle, of course, is settled that the trial court is under a peremptory duty to obey in the particular case the mandate of the appellate court precisely as it is written. *In re Plainfield-Union Water Co.,* 14 *N.J.* 296, 303 (1954); *Hellstern v. Smelowitz,* 17 *N.J.Super.* 366, 371 (App.Div.1952); *McGarry v. Central R. Co. of New Jersey,* 107 *N.J.L.* 382 (E. & A.1931); *Jewett v. Dringer,* 31 *N.J.Eq.* 586 (Ch.1879). Mr. Justice Heher said in the *Plainfield-Union Water Co.* case:

> "The mandate is a judicial precept that must be enforced as written. Relief from its directions, even though manifestly erroneous, can be had only in the appellate court whose judgment it is. *Isserman v. Isserman,* 2 *N.J.* 1 (1949); *Oswald v. Seidler,* 138 *N.J.Eq.* 440 (E. & A.1944); *Wemple v. B.F. Goodrich Co.,* 127 *N.J.Eq.* 333 (E. & A.1940); *Briggs v. Pennsylvania R. Co.,* 334 *U.S.* 304, 68 *S.Ct.* 1039, 92 *L.Ed.* 1403 (1948). The subordination of the inferior tribunal is of the very essence of the appellate function; the mandate is the process directed to the execution of the appellate judgment, and is therefore a command to be obeyed. The reinvestiture of jurisdiction in the inferior tribunal is in consonance with that judgment, and qualified accordingly. The appellate judgment becomes the law of the case; and the mandate is the direction for conforming judicial action. *In re Sanford Fork & Tool Co.,* 160 *U.S.* 247, 16 *S.Ct.* 291, 40 *L.Ed.* 414 (1895). The duty is simply one of compliance with the precept."

The ultimate denial of tenure by the State Board flouted its mandatory obligation on our remand.

The State Board decision on appeal verges on unconscionable to petitioner under all the circumstances, including those preceding our first decision: an unaccounted-for three and a half year delay between the conclusion of hearings before a Hearing

Examiner in April 1977 and the issuance of his report and recommendation in January 1981; the State Board's confession of error in its first decision barring tenure to petitioner; and the pendency of petitioner's first appeal to us at the time of the Supreme Court's *Spiewak* decision. Petitioner should not be denied relief on appeal before us because her counsel failed to move before the State Board or before us to compel the State Board to render a decision in accordance with our mandate on remand.

We recognize that the Supreme Court in *Rutherford* expressed apprehension about "significant administrative confusion" upon unlimited retroactive application of *Spiewak*. Petitioner's is one case only. Significant administrative confusion would not ensue upon a final determination extending to her the benefit of our decision in her favor, which was the law of the case preceding *Rutherford* by two years.

Our holding on petitioner's first appeal encompassed only petitioner's tenure status and did not adjudicate her entitlement, if any, to retroactive benefits and emoluments incidental to tenure. Accordingly, to that extent the declaration on limited retroactivity in *Rutherford* is applied, precluding petitioner from back pay or emoluments of tenure prior to the date when petitioner should have been vested with tenure upon our initial remand.

We reverse the State Board decision on appeal. We remand and direct the State Board to order what it should have ordered on our initial remand: that petitioner is a member of respondent board of education's teaching staff with tenure status. We also direct the State Board to order that petitioner is entitled to back pay and other benefits and emoluments incidental to tenure from and after October 20, 1983, allowing a reasonable period of six months after our first decision within which the State should have acted. Petitioner's back pay, benefits and emoluments are to be calculated for the teaching

position which she was filling at the time of her termination in 1976 in violation of her tenure rights.

We do not retain jurisdiction.

SKILLMAN, J.S.C. (temporarily assigned), dissenting.

This appeal involves the retroactive application of *Spiewak v. Rutherford Bd. of Educ.*, 90 *N.J.* 63 (1982). In *Rutherford Educ. Ass'n v. Rutherford Bd. of Educ.*, 99 *N.J.* 8 (1985) the Supreme Court held that *Spiewak* should be applied retroactively only to teachers who were still employed on the date *Spiewak* was decided, but not to teachers terminated prior to that date. The Ridgewood Board of Education terminated petitioner in 1976 and hence this appeal is directly controlled by the part of the *Rutherford* decision that denies tenure, and the emoluments of tenure, to teachers terminated prior to *Spiewak.* I find no substantial distinction between the circumstances of petitioner's case and those of the teachers denied tenure in *Rutherford.* Furthermore, even if I found the circumstances relied upon by the majority to be compelling, I would still conclude that any exception to the Supreme Court's direct holding in *Rutherford* should be made only by that Court. Therefore, I respectfully dissent.

The Supreme Court in *Rutherford* described the reasons for denying tenure to teachers terminated prior to *Spiewak* :

> [I]ts retroactive application will result in significant administrative confusion if it is applied retroactively to a teacher terminated by a board prior to our *Spiewak* decision, regardless of whether that teacher petitioned the Commissioner of Education prior to *Spiewak.* Permitting the reinstatement of such a teacher would create administrative chaos involving not only that teacher but also other teachers in the system. Such a teacher's right of reinstatement would have to be evaluated in terms of whether he or she had acquired tenure at the time of termination, or whether a Board had terminated a teacher while retaining less senior employees. Any decision reinstating such a teacher could engender a challenge by a displaced teacher. [99 *N.J.* at 29]

This reasoning applies to a court order requiring the Ridgewood Board of Education to rehire petitioner, with tenure, to the

same extent as such an order addressed to the boards of education involved in the *Rutherford* case.

Furthermore, neither our prior decision in this case nor the Supreme Court's denial of certification stand in the way of our deciding this appeal in accordance with *Rutherford.* As for our prior decision, the law is clear that "a court is never irrevocably bound to abide by its prior ruling in the same case." *West Point Island Civic Ass'n v. Dover Tp. Comm.,* 54 *N.J.* 339, 344 (1969); *see also State v. Hale,* 127 *N.J.Super.* 407 (App.Div. 1974). Indeed, when there is an intervening decision by a higher court which is controlling on the point in issue, a lower court may be bound to reconsider its earlier ruling. *See State v. Sarto,* 195 *N.J.Super.* 565 (App.Div.1984). As for the Supreme Court's denial of certification, the Court rejected a similar argument in the *West Point Island* case stating:

> Our denial of certification at an earlier stage of this action was not tantamount to an affirmance of the Appellate Division on the merits, nor can a denial of certification ever be interpreted in this way. Rather, it was an example of our traditional reluctance, except in extraordinary circumstances, to determine a case prior to final judgment or the completion of a full record. [54 *N.J.* at 344]

The majority notes that petitioner's case is "one case only." However, that was also true of the McGovern case against Riverdale and the Levinsky case against the Pascack Valley Regional District, in which the Supreme Court denied tenure in *Rutherford.* Furthermore, the fact that petitioner is only one teacher does not mean that her rehiring, with tenure, will cause no administrative confusion within the Ridgewood School District. The existing record does not indicate whether the number of pupils in that district is expanding or contracting, what percentage, if any, of the teachers are nontenured or the teacher staffing patterns in whatever grades petitioner is competent to teach. In any event, I do not read the blanket nonretroactivity holding of *Rutherford* to turn on an examination of the specific administrative impact upon a particular school district in being ordered to rehire a terminated teacher.

The primary grounds for the majority's decision is its conclusion that the State Board of Education disobeyed the mandate contained in this court's opinion of April 20, 1983. I do not consider this criticism of the State Board to be justified. The parties did not complete the stipulation of facts required by the State Board to decide the case on remand until on or about November 15, 1983, and petitioner's counsel acknowledged at oral argument that the State Board ordinarily takes three to six months after submission of a case to reach a decision. Therefore, in the normal course the State Board would not have issued its decision on remand until February to May of 1984. By that time, this court had decided the cases reviewed by the Supreme Court in *Rutherford* on January 11, 1984 and petitions for certification had been filed. Shortly thereafter, on May 6, 1984, the Supreme Court granted certification in the *Rutherford* cases. 97 *N.J.* 595 (1984). The State Board then apparently concluded that the Supreme Court in *Rutherford* would be definitively determining the retroactive effect of *Spiewak*. Accordingly, its Legal Committee notified counsel in June 1984 that it was staying its consideration of this case pending the Supreme Court's decision in *Rutherford*. Although petitioner protested this action with the State Board, neither party filed a motion with this court to compel the State Board to complete the remand.[1] Under these circumstances, I am unable to conclude that the State Board acted irresponsibly or disobeyed our mandate. Our opinion did not require the remand to be completed within any specified period of time. In that circumstance the State Board was only obligated to complete the

---

[1] It has been suggested that the State Board itself should have filed a motion to extend the time for completion of the remand. However, I would not find disobedience of our mandate in its failure to file such a motion. The essential role of the State Board was to provide a tribunal for resolution of a dispute between petitioner and the Ridgewood Board of Education. Under these circumstances the State Board understandably may have assumed that it was not its responsibility, as the hearing tribunal, but rather that of the immediate parties to file any appropriate motion.

proceedings on remand within a reasonable period of time. Although twenty-nine months ordinarily would be an excessive time for completion of a remand in a case such as this, I am satisfied that the delay here was not excessive in view of the pendency of *Rutherford*.

Furthermore, even if the State Board had disobeyed the mandate of this court, this would still not justify the granting of relief against the Ridgewood Board of Education. There is no indication that the local board was in any way responsible for the State Board's delay. Therefore, it should not be prejudiced by the majority's conclusion that the State Board was derelict in discharging its responsibilities under our prior opinion. Nor should the local board be prejudiced by the fact that it apparently was the policy of the State Board to recognize tenure in cases such as petitioner's during the one year period between our decision in *Spiewak v. Rutherford Bd. of Educ.*, 180 *N.J.Super.* 312 (App.Div.1981) and the Supreme Court affirmance in 1982, since that interim policy would have been inconsistent with the Supreme Court's ultimate resolution of the retroactivity issue in *Rutherford*.

The majority's opinion also appears to assume that if the State Board had completed the proceedings on remand sooner this litigation would have concluded before *Rutherford* was decided, with the result that petitioner would have acquired tenure. Such an assumption is speculative. As noted previously, the proceedings on remand would not have been completed in the normal course until the spring of 1984. Given the intensity with which the Ridgewood Board has litigated this matter and the uncertain state of the law concerning the retroactivity of *Spiewak* in the spring of 1984, it is likely the Ridgewood Board would have appealed any adverse decision by the State Board. Furthermore, it is doubtful such an appeal would have come before this court prior to November 26, 1984, when the Supreme Court heard oral argument in *Rutherford*, and we very likely would have withheld any decision until after the Supreme Court's decision in *Rutherford* on April 11, 1985.

In short, an earlier completion by the State Board of the proceedings on remand very easily could have brought this case back to us in the same posture as now, that is, subsequent to the Supreme Court's decision in *Rutherford.* In any event, even if it could be hypothesized that an earlier decision by the State Board would have resulted in this case slipping through the judicial system before *Rutherford* was decided, I would not consider that to be a compelling reason for granting petitioner the relief denied the teachers terminated before *Spiewak* whose cases were decided in *Rutherford.*

Fidelity to *Rutherford* compels us, in my opinion, to affirm the State Board of Education.