STATE OF NEW JERSEY v. JAMES A. HODGE.

August 12, 1986.

A petition for certification having been submitted to this Court, and the Court having considered the same;

And the Court being satisfied that grounds for certification do not exist for the reasons that:

1. the petition does not present a "question of general public importance which has not been but should be settled by the Supreme Court" under *Rule* 2:12-4, in that the appeal primarily involves the application of the principles set forth in *State v. Hodge*, 95 *N.J.* 369 (1984), to the facts of this case; and

2. in view of the long period that this case has been pending since the events of 1979–1980, this petition does not "call for an exercise of the Supreme Court's supervision" or for intervention "in the interest of justice," *Rule* 2:12–4;

and the Court further noting that its denial of the petition for certification does not constitute approval of the opinion or judgment below, *West Point Island Civic Association v. Tp. Committee, Tp. of Dover*, 54 *N.J.* 339 (1969), and good cause otherwise appearing;

It is ORDERED that the petition for certification is denied. (See 207 *N.J.Super.* 363)