MARIAN MAXFIELD, RESPONDENT AND CROSS-APPELLANT, v. BOARD OF EDUCATION OF THE VILLAGE OF RIDGEWOOD, BERGEN COUNTY, APPELLANT AND CROSS-RESPONDENT.

Argued February 2, 1987—Decided May 4, 1987.

*Louis C. Rosen* argued the cause for appellant and cross-respondent (*Aron, Salsberg & Rosen,* attorneys).

*David Earle Powers,* Deputy Attorney General, argued the cause for appellant and cross-respondent New Jersey State Board of Education (*W. Cary Edwards,* Attorney General of New Jersey, attorney; *Michael R. Clancy,* Deputy Attorney General, of counsel).

*Louis P. Bucceri* argued the cause for respondent and cross-appellant (*Bucceri & Pincus,* attorneys; *Gregory T. Syrek,* on the brief).

PER CURIAM.

The judgment is reversed substantially for the reasons in the dissenting opinion of Judge Skillman, reported at 217 *N.J. Super.* 267 (1986).

STEIN, J., dissenting.

In reversing the judgment of the Appellate Division, the Court today disregards the virtually immutable principle that the mandate of an appellate court must be obeyed by the tribunal to which it is directed. *Flanigan v. McFeely,* 20 *N.J.* 414, 420–21 (1956). It tolerates the State Board of Education's refusal to obey the Appellate Division's mandate in this case, accepting instead the State Board's contention that our decision in *Rutherford Education Association v. Rutherford Board of Education,* 99 *N.J.* 8 (1985), constituted an intervening change in the law. That contention simply does not withstand close scrutiny.

In *Spiewak v. Rutherford Board of Education,* 90 *N.J.* 63 (1982), we held that "public school teachers who provide part-time remedial or supplemental instruction to educationally disabled children," whether paid from state or federal funds, "may acquire tenure if they meet the specific criteria in *N.J.S.A.* 18A:28–5." *Id.* at 84. We specifically determined that our decision would not apply to teachers terminated prior to the date of the opinion in *Spiewak, id.* at 83 n.2, and, except for

the teachers involved in that litigation, held that our decision would have prospective application only. *Id.* at 83.

*Spiewak* was decided on June 23, 1982. In April, 1983, the Appellate Division rendered its initial decision in this case. It held that Ms. Maxfield was tenure-eligible when the Ridgewood Board of Education decided not to hire her for the 1976–77 school year. The Appellate Division observed that Ms. Maxfield filed her petition for a declaration of tenure eligibility in April, 1976, nine months earlier than the petitions filed by the teachers in *Spiewak*. The Court also noted the unexplained delay of three and one-half years between the conclusion of the hearings and the issuance of the Hearing Examiner's report and recommendation. In addition, the Court noted a concession by the State Board that in denying Ms. Maxfield's petition, it departed from its customary practice during the one-year period between the Appellate Division decision in *Spiewak,* 180 *N.J.Super.* 312 (1981), and our decision in that case. Its "ordinary remedy" during this period was to grant tenure status to teachers like Ms. Maxfield.

On the basis of these special factors, the Appellate Division concluded that it was not constrained by *Spiewak* from affording relief to Ms. Maxfield, and determined that the holding in *Spiewak* would be applied to her. The matter was then remanded to the State Board. We denied the Board of Education's petition for certification. 94 *N.J.* 591 (1983).

At that juncture, this litigation had been concluded in favor of Ms. Maxfield. All that remained was for the State Board of Education to implement the Appellate Division's judgment and determine the specific emoluments of tenure to which she was entitled.

However, the State Board failed to execute the Appellate Division's mandate. Instead, in June 1984, fourteen months after the Appellate Division decision, and without application to that court for a stay, it notified counsel that it was suspending further proceedings until our disposition of *Rutherford Education Association v. Rutherford Board of Education, supra,*

99 *N.J.* 8. We decided *Rutherford* on April 11, 1985. On September 6, 1985, twenty-nine months after the Appellate Division decision, the State Board denied Ms. Maxfield's tenure claim, relying on our decision in *Rutherford*.

However, *Rutherford* did not alter our holding in *Spiewak* that the decision would not be applied retroactively to teachers who had previously been terminated. Although some of the teachers in *Rutherford* had been terminated prior to *Spiewak*, the primary issue in *Rutherford*, as framed by the majority opinion, was whether *Spiewak* "applied retroactively to Title I, supplemental and compensatory education teachers, who filed petitions with the Commissioner of Education prior to June 23, 1982, the date of our decision in *Spiewak*." *Rutherford Educ. Ass'n v. Rutherford Bd. of Educ., supra*, 99 *N.J.* at 13. We held in *Rutherford* that teachers still employed when *Spiewak* was decided and whose petitions seeking tenure were filed before that decision would enjoy the benefit of our holding in *Spiewak*. *Ibid.* We also reiterated our ruling in *Spiewak* that teachers terminated prior to *Spiewak* would not benefit from its holding. *Id.* at 29–30. Accordingly, our decision in *Rutherford* was completely consistent with *Spiewak*'s conclusion that its holding would not apply to teachers previously terminated.

The Appellate Division, in its original opinion, determined that equitable factors unique to this case warranted the grant of Ms. Maxfield's tenure claim. *Rutherford* did not change the law announced in *Spiewak* as it applied to Ms. Maxfield; nor did it address the propriety of making an exception to *Spiewak*'s rule of prospectivity on the basis of special circumstances. Accordingly, *Rutherford* was not an intervening change in the law entitling the State Board to disregard the mandate of the Appellate Division. Its reliance on our decision in *Rutherford* as a basis for ignoring the judgment of an intermediate appellate court is without foundation.

It is not insignificant that the State Board in this case was an unsuccessful party before the Appellate Division. As the agency to which that Court's mandate was directed, its dissatisfac-

tion with the Court's decision hardly justifies its defiance of the Court's judgment for twenty-nine months, without seeking leave of that court to stay implementation of its judgment. I concur with the Appellate Division's observation that "[t]he State Board decision on appeal verges on unconscionable * * *."

At some point in litigation as protracted as this, parties must be precluded from contesting issues previously decided. Judge Friendly has observed that "litigants [who] have once battled for the court's decision * * * should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Co.,* 327 *F.*2d 944, 953 (2d Cir.), *cert.* denied, 377 *U.S.* 934, 84 *S.Ct.* 1338, 12 *L.Ed.*2d 298 (1964). The Appellate Division correctly concluded that this case had come to a close with the denial of certification by this Court over three years ago.

For the reasons stated, I would affirm the judgment of the Appellate Division in this case.

Justices CLIFFORD and O'HERN join in this opinion.

*For affirmance*—Justices CLIFFORD, O'HERN and STEIN—3.

*For reversal*—Chief Justice WILENTZ and Justices HANDLER, POLLOCK and GARIBALDI—4.